IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:25-cv-371

CHECKERS INDUSTRIAL PRODUCTS LLC,  **DEMAND FOR**
a Colorado limited liability company,  **JURY TRIAL**

      Plaintiff,

  v.

DRIVER INDUSTRIAL OPCO LLC,
a Delaware limited liability company,

      Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Checkers Industrial Products, LLC ("Checkers"), by and through its counsel, Michael Best & Friedrich LLP, states and alleges for its Complaint against Defendant Driver Industrial Opco LLC ("Driver") as follows:

### NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, arising from Driver's actions, including making, using, selling, offering for sale, and/or importing one or more products that infringes U.S. Patent Nos. 9,050,929 ("the '929 Patent") and 9,067,536 ("the '536 Patent") (collectively, "the Checkers Patents"), including the Driver LED SafetyWhips® SC series ("Accused Products").

### PARTIES

2. Checkers is a Colorado limited liability company with its principal place of business at 620 Compton Street, Broomfield, Colorado 80020.

3. Upon information and belief, Driver is a Delaware limited liability company with its principal place of business at 2115 W Mountain View Rd, Phoenix, Arizona 85021.

4. Upon information and belief, Driver also has a place of business at 10220 Brighton Road, Henderson, Colorado 80640.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Driver because Driver conducts business in and purposefully avails itself of the laws of the State of Colorado. Driver, directly or through its subsidiaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products within the District of Colorado, including at its place of business at 10220 Brighton Road, Henderson, Colorado 80640, that infringe the Checkers Patents.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2), (c), and 1400 because Driver is subject to personal jurisdiction in this District and conducts business in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTUAL BACKGROUND

8. Checkers is a leading manufacturer of industrial and environmental safety products that are used to promote workplace safety. Amongst its wide array of products, Checkers designs and manufactures LED whip light assemblies that serve as warning lights on industrial-grade vehicles and trucks to increase visibility and enhance driver and third-party safety.

9. Checkers invested substantially to develop its LED whip light assembly technology. Checkers' unique whip light assemblies include a flexible rod with integrated light emitting diodes (LEDs) connected to an internal circuit and designed to withstand a range of vibrations and impacts. Checkers' whip light assemblies have made Checkers a market leader for vehicle visibility and safety technology.

10. Checkers has protected its innovative technologies through a broad range of intellectual property rights, including patents related to LED whip light assemblies for automotive and industrial applications, such as the Checkers Patents.

11. On June 9, 2015, the '929 Patent, entitled "LED Whip Light Assembly," was duly and lawfully issued based upon an application filed by the inventor, Scott Clifford. A true and correct copy of the '929 Patent is attached hereto as **Exhibit 1**.

12. Checkers is the assignee and owner of all right, title, and interest in and to the '929 Patent, and has the right to sue and recover damages for infringement thereof.

13. On June 30, 2015, the '536 Patent, entitled "LED Whip Light Assembly," was duly and lawfully issued based upon an application filed by the inventor, Scott Clifford. A true and correct copy of the '536 Patent is attached hereto as **Exhibit 2**.

14. Checkers is the assignee and owner of all right, title, and interest in and to the '536 Patent, and has the right to sue and recover damages for infringement thereof.

15. Driver has made, used, offered to sell, sold and/or imported into the United States, the Accused Products and continues to do so.

16. Upon information and belief, the images below show the Accused Products – the Driver LED SafetyWhips® SC series – that Driver has manufactured, offered for sale, sold, and/or imported through various channels, including but not limited to on its website at

https://www.driverindustrialsafety.com/product-category/safetywhips-warning-whips-safety-solutions/warning-whip-led-lights/super-bright-sc3-series/.



17. The Accused Products directly compete with Checkers' whip light assemblies, including those covered by the Checkers Patents.

18. The Accused Products meet each element of at least one claim of each of the Checkers Patents.

*The '929 Patent*

19. By way of example, not limitation, claim 1 of the '929 Patent recites:

1. A light emitting diode (LED) whip light assembly, comprising:

a base configured to mount to an elongate whip rod;

an LED light assembly mounted to the base and comprising:

a plurality of LED lights;

an LED circuit comprising a circuit board to which the plurality of LED lights are mounted;

a lens mounted to the base with a releasable, liquid-tight connection, the lens covering the plurality of LED lights.

20. The Accused Products meet each element of claim 1 of the '929 Patent, as explained below.

21. The Accused Products are LED whip light assemblies for extended visibility of vehicles and other equipment.

22. The Accused Products include a base that is configured to mount to an elongate whip rod.

23. The Accused Products include an LED light assembly mounted to the base.

24. The LED light assembly of the Accused Products includes a plurality of LED lights.

25. The LED light assembly of the Accused Products includes an LED circuit comprising a circuit board to which the plurality of LED lights is mounted.

26. The LED light assembly of the Accused Products includes a lens mounted to the base with a releasable, liquid tight connection.

27. The lens of the Accused Products covers the LED lights.

28. Driver does not have authority to make, use, offer to sell, or sell the Accused Products within the United States, or to import into the United States, any invention claimed in the '929 Patent.

29. Driver directly infringes at least one claim of the '929 Patent by making, using, offering to sell, selling within the United States and/or importing into the United States the Accused Products.

30. Driver induces infringement of at least one claim of the '929 Patent by actively encouraging distributors, customers, and others to sell, offer for sale, use and/or import the Accused Products.

31. Checkers notified Driver of its infringement of the '929 Patent on November 12, 2024.

32. Upon information and belief, Driver was aware of the '929 Patent no later than November 12, 2024.

33. Driver is aware that its manufacture, use, offer for sale, sale, and/or importing of the Accused Products, and inducement of others to use, sell, offer for sale, sell and/or import the Accused Products, infringe the '929 Patent at least through the notice of infringement provided by Checkers to Driver on November 12, 2024.

### *The '536 Patent*

34. By way of example, but not limitation, claim 1 of the '536 Patent recites:

> 1. A method of assembling a light emitting diode (LED) whip light assembly, comprising:
>
>> providing a base, an LED light assembly comprising a plurality of LED lights and control circuitry, and a lens;
>>
>> connecting the base to an elongate whip rod with a liquid-tight connection;
>>
>> releasably connecting the LED light assembly to the base;
>>
>> covering the LED light assembly with the lens and releasably connecting the lens to the base with a liquid-tight connection.

35. The method of assembling the Accused Products meets each element of claim 1 of the '536 Patent, as explained below.

36. The Accused Products are light emitting diode (LED) whip light assemblies.

37. The Accused Products are assembled by providing a base, an LED light assembly including a plurality of LED lights and control circuity, and a lens.

38. The Accused Products are further assembled by connecting the base to an elongate whip rod with a liquid-tight connection.

39. The Accused Products are further assembled by releasably connecting the LED light assembly to the base.

40. The Accused Products are further assembled by covering the LED light assembly with the lens and releasably connecting the lens to the base with a liquid-tight connection.

41. Driver does not have authority to make, use, offer to sell, or sell the Accused Products within the United States, or to import into the United States, any invention claimed in the '536 Patent.

42. Driver directly infringes at least one claim of the '536 Patent by making, using, offering to sell, selling within the United States and/or importing into the United States the Accused Products.

43. Driver induces infringement of at least one claim of the '536 Patent by actively encouraging distributors, customers, and others to sell, offer for sale, use and/or import the Accused Products.

44. Checkers notified Driver of its infringement of the '536 Patent on November 12, 2024.

45. Upon information and belief, Driver was aware of the '536 Patent no later than November 12, 2024.

46. Driver is aware that its manufacture, use, offer for sale, sale, and/or importing of the Accused Products, and inducement of others to use, sell, offer for sale, sell and/or import the

Accused Products, infringe the '536 Patent at least through the notice of infringement provided by Checkers to Driver on November 12, 2024.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,050,929

47. Checkers re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

48. Checkers has the right to enforce the '929 Patent and the right to recover damages for infringement.

49. Driver has infringed the '929 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the Accused Products.

50. Driver has infringed the '929 Patent by inducing others to make, use, offer to sell, sell, and/or import the Accused Products.

51. Driver knew that making, using, offering to sell, selling and/or importing the Accused Products would infringe the '929 Patent. Driver's past and continued infringement of the '929 Patent has been and continues to be willful and deliberate.

52. Driver's infringement of the '929 Patent is without consent, authority, or license from Checkers.

53. Because of Driver's infringement of the '929 Patent, Checkers has suffered and will continue to suffer irreparable harm and monetary damages, which continue to accrue, in an amount to be determined at trial.

54. Driver's willful infringement will continue unless enjoined by this Court.

55. Driver's conduct makes this an exceptional case; Checkers should therefore be awarded enhanced damages and its reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285, and other applicable rules, statutes, and law.

## COUNT II
## **INFRINGEMENT OF U.S. PATENT NO. 9,067,536**

56. Checkers re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. Checkers has the right to enforce the '536 Patent and the right to recover damages for infringement.

58. Driver has infringed the '536 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the Accused Products.

59. Driver has infringed the '536 Patent by inducing others to make, use, offer to sell, sell, and/or import the Accused Products.

60. Driver knew that making, using, offering to sell, selling and/or importing the Accused Products would infringe the '536 Patent. Driver's past and continued infringement of the '536 Patent has been and continues to be willful and deliberate.

61. Driver's infringement of the '536 Patent is without consent, authority, or license from Checkers.

62. Because of Driver's infringement of the '536 Patent, Checkers has suffered and will continue to suffer irreparable harm and monetary damages, which continue to accrue, in an amount to be determined at trial.

63. Driver's willful infringement will continue unless enjoined by this Court.

64. Driver's conduct makes this an exceptional case; Checkers should therefore be awarded enhanced damages and its reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285, and other applicable rules, statutes, and law.

**PRAYER FOR RELIEF**

WHEREFORE, Checkers respectfully requests judgment in its favor and against Driver as follows:

A. Judgment that Driver has infringed the Checkers Patents in violation of 35 U.S.C. § 271;

B. A preliminary and permanent injunction pursuant to 35 U.S.C. § 283, preventing Driver, its officers, directors, agents, employees, attorneys, assignees, successors, parents, subsidiaries, affiliated or related companies, and assigns, and all of those in active concert and participation with any of the foregoing persons from further infringing the Checkers Patents;

C. An award of damages adequate to compensate Checkers for Driver's infringement of the Checkers Patents, and no less than the damages provided for under 35 U.S.C. § 284;

D. An award for enhanced damages under 35 U.S.C. § 284;

E. An award of attorneys' fees under 35 U.S.C. § 285;

F. An award of pre-judgment interest, post-judgment interest, and all costs associated with this action; and

G. Any and all further relief the Court deems appropriate and just.

**JURY DEMAND**

Checkers hereby demands a trial by jury on all issues so triable in this action pursuant to Federal Rules of Civil Procedure 38 and 39, and other applicable federal and state law.

Dated this 4th day of February 2025.

        Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**

/s/ Joseph C. Daniels
Joseph C. Daniels
675 15th Street, Suite 2000
Denver, CO 80202
Tel: 720.240.9515
Fax: 877.398.5240
joseph.daniels@michaelbest.com

Melanie J. Reichenberger (admission pending)
790 N. Water Street, Suite 2500
Milwaukee, WI 53202
Tel: 414.271.6560
Fax: 414.277.0656
mjreichenberger@michaelbest.com

*Attorneys for Plaintiff*
*Checkers Industrial Products, LLC*