IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00371-DDD-KAS

| | |
|---|---|
| CHECKERS INDUSTRIAL PRODUCTS LLC,<br>a Colorado limited liability company, | **DEMAND FOR**<br>**JURY TRIAL** |
| Plaintiff, | |
| v. | |
| DRIVER INDUSTRIAL OPCO LLC,<br>a Delaware limited liability company, | |
| Defendant. | |

_____

**DEFENDANT DRIVER INDUSTRIAL OPCO LLC'S ANSWER TO
CHECKERS INDUSTRIAL PRODUCTS LLC'S COMPLAINT
FOR PATENT INFRINGEMENT AND COUNTERCLAIM**

_____

Defendant Driver Industrial Opco LLC ("Driver"), by and through its attorneys, hereby responds to Checkers Industrial Products LLC's ("Checkers") Complaint for Patent Infringement ("Complaint"). Driver denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Driver further denies that Checkers is entitled to the relief requested or any other relief. For responses to particular allegations, Driver responds as follows:

1

## NATURE OF THE CASE[1]

1. Driver admits that Checkers purports to allege patent infringement arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 271, for purported infringement of U.S. Patent Nos. 9,050,929 (the "'929 Patent") and 9,067,536 (the "'536 Patent") (collectively the "Checkers Patents") against the Driver LED SafetyWhips® SC series ("Accused Products"). Driver denies Checkers' allegations, including Checker's allegation of patent infringement against the Accused Products.

## PARTIES

2. Driver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Admitted.

4. Admitted.

## JURISDICTION

5. The allegations of Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, provided that Checkers has standing to enforce the Checkers Patents asserted in this action, Driver does not dispute that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Driver lacks knowledge or information sufficient to form a belief as to the truth of any allegations that Checkers has standing and therefore denies any such allegation.

---

[1] The headings and numbered paragraphs herein correspond to those set forth in the Complaint for ease of reference. Driver denies any allegations contained in those headings.

6. Driver admits that it conducts business in the State of Colorado. Driver denies that it makes, uses, sells, offers to sell, or imports the Accused Products within the District of Colorado. Driver denies that it infringes the Checkers Patent. The remaining allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Driver denies the remaining allegations.

**VENUE**

7. Driver admits that it conducts business in this District. Driver denies that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The remaining allegations in Paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Driver denies the remaining allegations.

**FACTUAL BACKGROUND**

8. Driver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. Driver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. Driver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. Driver admits that the '929 Patent is entitled "LED Whip Light Assembly," that the '929 Patent lists an issue date of June 9, 2015, that the '929 Patent lists Scott Clifford as an inventor, and that what appears to be a copy of the '929 Patent is attached to the Complaint as Exhibit 1. Driver denies that the '929 Patent was duly and lawfully issued. Driver lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12. Driver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. Driver admits that the '536 Patent is entitled "LED Whip Light Assembly," that the '536 Patent lists an issue date of June 30, 2015, that the '536 Patent lists Scott Clifford as an inventor, and that what appears to be a copy of the '536 Patent is attached to the Complaint as Exhibit 2. Driver denies that the '536 Patent was duly and lawfully issued. Driver lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14. Driver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. Driver admits that it sells the Driver LED SafetyWhips® SC series in the United States. Driver denies that the Driver LED SafetyWhips® SC series are covered by the Checkers Patents. Driver denies that the manufacture, use, sale, offer for sale in the United States, or importation into the United States of the Driver LED SafetyWhips® SC series infringes either of the Checkers Patents.

16. Driver admits that the images below show a Driver LED SafetyWhip® SC3 series product from the website www.driverindustrialsafety.com. Driver denies that these images are representative of all of the Driver LED SafetyWhip® SC series. Driver denies any remaining allegations of Paragraph 16.



17. Denied.

18. Denied.

### *The '929 Patent*

19. Driver admits that Paragraph 19 of the Complaint reproduces claim 1 of the '929 Patent. Driver denies that Driver has infringed claim 1. Driver denies that claim 1 is valid. Driver denies any remaining allegations of Paragraph 19.

20. Denied.

21. Driver admits that the Driver LED SafetyWhip® SC series are LED whip lights. Driver denies that the Driver LED SafetyWhip® SC series are LED whip light assemblies within the meaning of claim 1.

22. Denied.

23. Denied.

24. Driver admits that the Driver LED SafetyWhip® SC series includes multiple LED lights. Driver denies that the Driver LED SafetyWhip® SC series are LED light assemblies within the meaning of claim 1.

5

25. Driver admits that the Driver LED SafetyWhip® SC series include an LED circuit with a circuit board to which the LED lights are mounted. Driver denies that the Driver LED SafetyWhip® SC series are LED light assemblies within the meaning of claim 1.

26. Denied.

27. It is unclear from Paragraph 27 and the rest of the Complaint what Checkers alleges to be "the lens" of the Driver LED SafetyWhip® SC series, and Driver therefore denies the allegations of Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Driver denies that it infringes the '929 Patent. Drive admits that it received a letter from Checkers concerning the '929 Patent on November 12, 2024. Driver denies any remaining allegations of Paragraph 31.

32. Admitted.

33. Denied.

### The '536 Patent

34. Driver admits that Paragraph 34 of the Complaint reproduces claim 1 of the '929 Patent. Driver denies that Driver has infringed claim 1. Driver denies that claim 1 is valid. Driver denies any remaining allegations of Paragraph 34.

35. Denied.

36. Driver admits that the Driver LED SafetyWhip® SC series are LED whip lights. Driver denies that the Driver LED SafetyWhip® SC series are LED whip light assemblies within the meaning of claim 1.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Driver denies that it infringes the '536 Patent. Driver admits that it received a letter from Checkers concerning the '536 Patent on November 12, 2024. Driver denies any remaining allegations of Paragraph 44.

45. Admitted.

46. Denied.

## COUNT I

47. Driver incorporates the foregoing responses as though fully set forth herein.

48. Driver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies them.

49. Denied.

50. Denied.

51. Denied.

7

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT II

56. Driver incorporates the foregoing responses as though fully set forth herein.

57. Driver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies them.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## PRAYER FOR RELIEF

Driver denies that Checkers is entitled to any of the relief requested against Driver in its Prayer for Relief, or any other relief to the extent it is based in whole or in part on alleged infringement by Driver.

## JURY DEMAND

Checker's demand contains no statements that require an admission or denial.

## DEFENSES

In further response to the Complaint, and without conceding or assuming that Driver bears the burden of proof as to any of them, Driver asserts the following Defenses and reserves the right to amend its Answer as additional information becomes available.

### First Defense

Checkers fails to state any claim for direct or indirect infringement against Driver upon which relief may be granted.

### Second Defense

Driver has not infringed and is not infringing, literally or under the doctrine of equivalents, directly or indirectly, contributorily or by inducement, any valid and enforceable claim of any of the Checkers Patents.

### Third Defense

The Checkers Patents are invalid for failure to satisfy one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112, the applicable provisions of title 37 of the Code of Federal Regulations, and judicially created bases for invalidation.

### Fourth Defense

Checkers' claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel, and Checkers is estopped from claiming that the Checkers Patents cover the Accused Products or their use.

**Fifth Defense**

Checkers' claims are barred or limited by the equitable doctrines of estoppel, waiver, implied license, patent exhaustion, or other equitable doctrines.

**Sixth Defense**

Checkers' claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages, costs, and other relief, including but not limited to 35 U.S.C. §§ 286, 287, and 288.

**Seventh Defense**

Driver has engaged in all relevant activities in good faith, thereby precluding Checkers, even if it prevails, from recovering its reasonable fees and/or costs under 35 U.S.C. § 285 or enhanced damages under 35 U.S.C. § 284.

**Eighth Defense**

Checkers is not entitled to an injunction or to any equitable relief because any alleged injury to Checkers is neither immediate nor irreparable. Checkers has an adequate remedy at law and granting equitable relief would not be in the public interest.

**Ninth Defense**

Checkers' claims are barred and Checkers lacks standing because Checkers does not own the Checkers Patents. For example, the United States Patent & Trademark Office's publicly accessible patent assignment search database does not show any assignments from the purported inventor Scott Clifford to Checkers Industrial Products LLC recorded against U.S. Patent Nos. 9,050,929 and 9,067,536.

### Reservation of Rights

Driver specifically reserves the right to assert additional affirmative defenses and other defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, or at law or inequity as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

### COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaim-Plaintiff Driver Industrial Opco LLC ("Driver") brings this Counterclaim against Plaintiff and Counterclaim-Defendant Checkers Industrial Products LLC ("Checkers") and alleges as follows:

### PARTIES

1.  Driver is a Delaware limited liability company with a place of business at 2115 W. Mountain View Road, Phoenix, Arizona 85021.

2.  Checkers has alleged that it is a Colorado limited liability company with its principal place of business at 620 Compton Street, Broomfield, Colorado 80020.

### JURISDICTION AND VENUE

3.  Subject to Driver's defenses and denials above, this Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4.  This Court has personal jurisdiction over Checkers because it has submitted to the jurisdiction of this Court by purposefully availing itself of the benefits and protections of the laws of this District through filing suit in this District.

5.  Subject to Driver's defenses and denials above, venue for the Counterclaim is proper in this District because Checkers has consented to this venue through the filing of a claim

for patent infringement against Driver in this District, in response to which this Counterclaim is being asserted.

## INVALIDITY COUNTERCLAIM

6. Driver realleges and reincorporates by reference Paragraphs 1–64 of the Answer, its Defenses, and Paragraphs 1–5 of the Counterclaim as though set forth fully herein.

7. Checkers has filed an infringement action in this Court to enforce the Checkers Patents against Driver. Checkers alleges that certain Driver products infringe one or more claims of the Checkers Patents. Driver denies that it has infringed or is presently infringing any of Checkers' patent rights, including any rights in or to any valid and enforceable claim of any of the Checkers Patents. Therefore, an actual, substantial, and justiciable controversy exists between Checkers and Driver.

8. As set forth above in Driver's Defenses, one or more claims of the Checkers Patents are invalid. On information and belief, a reasonable opportunity for discovery will further establish that each claim of each of the Checkers Patents asserted against Driver is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

9. Pursuant to 28 U.S.C. §§ 2201 and 2202, Driver is entitled to a declaratory judgment that the Checkers Patents are invalid.

10. Absent a declaration and order as sought by Driver, Checkers will continue to wrongfully assert that Driver has infringed the Checkers Patents, thereby causing Driver irreparable injury and damage.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Driver respectfully requests a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Driver respectfully prays for judgment and relief as follows:

a. That Checkers take nothing by reason of its Complaint, that the Complaint be dismissed with prejudice, and that judgment be rendered in favor of Driver and against Checkers;

b. That Driver be granted declaratory judgment that the claims of the Checkers Patents are invalid;

c. That Driver be awarded its costs and expenses incurred in this action;

d. That Driver be the "prevailing party" with respect to Checker's patent claims and be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

e. Such further relief as the Court may deem just and proper.

Dated: July 15, 2025                               Respectfully submitted,

                                                   By: *s/Kevin M. Bell*
                                                   Kevin M. Bell
                                                   Kilpatrick Townsend & Stockton LLP
                                                   1400 Wewatta Street, Suite 600
                                                   Denver, CO 80202
                                                   Telephone: (303) 571-4000
                                                   Facsimile: (303) 571-4321
                                                   Email: kbell@ktslaw.com

                                                   *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The foregoing was filed electronically, this 15th day of July, 2025.  Notice of this filing will be sent to all attorneys of record in this case, by operation of the Court's Electronic Filing System.

*s/ Pamela Freitik*
Pamela Freitik