## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-371-DDD-KAS

CHECKERS INDUSTRIAL PRODUCTS LLC,                  **DEMAND FOR**
a Colorado limited liability company,                             **JURY TRIAL**

       Plaintiff,

  v.

DRIVER INDUSTRIAL OPCO LLC,
a Delaware limited liability company,

       Defendant.

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Checkers Industrial Products LLC ("Checkers") and Defendant Driver Industrial OPCO LLC ("Driver") (each party individually referred to herein as a "Party" and collectively as the "Parties") believe that they will or may be required to disclose to the other in connection with discovery in the above-captioned matter (the "Action") technical information, including trade secrets and technical know-how; confidential or proprietary research, development, commercial and financial information; and other Discovery Material (defined below) relating to the subject matter of this Action;

WHEREAS, the Parties contemplate that Discovery Material may also be produced by Non-Parties in this Action, and the Parties seek to facilitate the production and protection of such information; and

WHEREAS, the Parties desire to limit the extent of disclosure and use of such Discovery Material, and to protect such Discovery Material from unauthorized use and/or further disclosure.

1

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Parties, through their respective counsel, and subject to the approval of the Court, that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be entered as follows:

Before the Court is the agreed motion of the Parties for the entry of this Stipulated Protective Order (the "Order"). After careful consideration, it is hereby ORDERED:

## 1.    DEFINITIONS

For purposes of this Order, the following definitions shall apply:

**1.1    Challenging Party**:  a Party or Non-Party that challenges the designation of Discovery Material under this Order.

**1.2    "CONFIDENTIAL"** Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that the Producing Party in good faith contends qualify for protection under Federal Rule of Civil Procedure 26(c).  "CONFIDENTIAL" information or items include, but are not limited to, confidential research, development, technical, commercial, or financial information, as well as other confidential business information that the Receiving Party would not have access to but for this litigation.

**1.3    Counsel** (without qualifier):  Outside Counsel of Record, In-House Counsel (as well as their respective support staff).

**1.4    Discovery Material**:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, documents, and tangible things), that are disclosed, produced or generated in discovery, or otherwise, in connection with the Action.

**1.5    Expert**:  a person (along with their administrative or clerical staff) with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party

2

or its Counsel to serve as an expert witness or non-testifying consultant specifically in the Action, and (2) throughout the time of retention, is not anticipated to become an employee, officer or member of a Party or of a Party's competitor.

1.6    **Final Disposition**:  shall be deemed to be the later of (1) dismissal of all claims, counterclaims, and defenses in the Action with or without prejudice; or (2) entry of final judgment of the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, post-trial motions, petitions for certiorari, or reviews of the Action, including the time limits for filing any motions, petitions for certiorari, or applications for extension of time pursuant to applicable law.

1.7    **"HIGHLY CONFIDENTIAL – RESTRICTED ACCESS"** Information or Items:  sensitive "CONFIDENTIAL Information or Items" that the Producing Party contends in good faith to constitute or disclose sensitive business or personal information or items, the disclosure of which to a Receiving Party would create a substantial risk of significant harm or competitive disadvantage to the Producing Party that could not be avoided by less restrictive means.  "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" information or items include, but are not limited to:  (a) highly sensitive information relating to the development of products, including alleged trade secrets, internal research and development, and internal product specifications; (b) highly sensitive past, current or future business, sales, revenue, product development or marketing plans; (c) highly sensitive past, current or future financial information or forecasts, customer lists, pricing data, cost data, licenses, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (e) personal identifying information, such as social security and financial account numbers; (f) personal health information protected

3

by the Health Insurance Portability and Affordability Act; and (g) any other documents, information, or materials that relate to proprietary information that the Producing Party reasonably believes is of such nature and character that the unauthorized disclosure of such information would cause significant harm or competitive disadvantage to the Producing Party, or would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.8    **In-House Counsel**:  up to three attorneys for each of Plaintiff and Defendant who are employees of a Party to this Action.  A Party may, as necessary, substitute on a one-for-one basis designated In-House Counsel upon (i) demonstrating good cause, and (ii) providing the other Party written notice prior to said substitution.  For the purpose of this paragraph, "good cause" includes, but is not limited to, the departure of a designated In-House Counsel from employment and/or the promotion or transfer of a designated In-House Counsel within the organization thus obviating his or her responsibilities with respect to the litigation.

1.9    **Non-Party(ies)**:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.10    **Outside Counsel of Record**:  attorneys, and their employees, contractors, and supporting staff working at the direction of such attorneys, who are not employees of a Party but are retained to represent or advise a Party and have entered an appearance in the Action on behalf of that Party or are affiliated with a law firm that has entered an appearance in the Action on behalf of that Party; provided that such person is not involved in the competitive decision-making of a Party or its affiliates.

1.11    **Party**:  any party to this Action, including executives (officers, directors, or managers) who are required to participate in decisions with reference to this Action.

**1.12    Producing Party**:  a Party or Non-Party that produces Discovery Material in this Action.

**1.13    Professional Vendors**:  persons or entities that provide litigation support services (*e.g.*, e-discovery services, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**1.14    Protected Material**:  any Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS."

**1.15    Receiving Party**:  a Party that receives Discovery Material from a Producing Party.

**2.    PURPOSES AND LIMITATIONS**

2.1    Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.  No person receiving Protected Material subject to this Order may disclose such Protected Material, or the content thereof, except as this Order expressly permits.  All Protected Material provided by any Party or Non-Party in the course of this Action shall be used solely for the purpose of preparation, trial, appeal, and settlement of this Action and for no other purpose, and shall not be disclosed except in accordance with the terms hereof or by prior written agreement by the Producing Party or by order of the Court.

2.2    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Pursuant to Section 8, any person or party subject to this order who becomes subject to a motion to disclose another party's information

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**3.    SCOPE**

The protections conferred by this Order cover Protected Material, as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of law or this Order; (b) any information known to the Receiving Party prior to the disclosure; and (c) any information obtained by the Receiving Party lawfully and under no obligation of confidentiality to the Producing Party.

**4.    DURATION**

The confidentiality obligations imposed by this Order shall continue to remain in effect after Final Disposition of the Action, or until a Producing Party agrees otherwise in writing or a court order otherwise directs.  This Court will retain subject matter and personal jurisdiction, and venue, to enforce the terms of this Order following the Final Disposition of the Action.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Exercise of Care in Designating Material for Protection**.  Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies for protection under this Order.

If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

      **5.2**      **Manner and Timing of Designations**.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      **for information in documentary form** (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" to each page that contains Protected Material or, in the case of native file production, by appending to each native file production file name the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise designating such production in a manner agreed to by the parties in writing.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

RESTRICTED ACCESS") to each document or page of a document, or file name in the case of native file production, that contains Protected Material.

(b)      **for testimony given in deposition or in other pretrial proceedings**, that all deposition testimony or testimony during other pretrial proceedings shall be treated as "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" for a period of thirty (30) days from the date of receipt by Outside Counsel of Record of a final transcript, and any extensions agreed upon by the Parties (and Non-Parties where applicable), during which time a Party or Non-Party may identify to the other Parties the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted.  At the expiration of that thirty (30)-day period, and any extensions agreed upon by the Parties (and Non-Parties where applicable), only those portions that are specifically identified and designated by a Party or Non-Party will qualify for protection under this Order.  Alternatively, during that thirty (30)-day period (and any applicable extension), a Party or Non-Party may, if appropriate and in good faith (*e.g.*, where a substantial portion of the overall testimony concerns confidential material, making specific designations burdensome), designate the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS."  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by a Party or Non-Party.  The Party or Non-Party designating such Protected Material shall inform the court reporter of these requirements.

Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript shall be treated as "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" in its entirety unless otherwise agreed to by the parties.

(c)    **for information produced in some form other than documentary form and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**5.3    Inadvertent Failures to Designate**.  An inadvertent failure to designate qualified information or items does not, standing alone, waive a Party's or Non-Party's right to secure protection under this Order for such material.  Upon written notice of a correction to a designation, the Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the provisions of this Order.  Any Party or Non-Party that inadvertently produces Protected Material without designating it as Protected Material may request destruction of that Protected Material by notifying the Receiving Party(ies), as soon as reasonably practicable after the Producing Party becomes aware of the inadvertent failure to properly designate, and by providing replacement Protected Material that is properly designated.  Upon receipt of such replacement, properly designated Protected Material, the Receiving Party(ies) shall then destroy all copies of the improperly designated material.

The failure to designate documents, information or materials in accordance with this Order and the failure to object to a designation at a given time shall not preclude the relevant Party from

9

seeking a ruling from the Court pursuant to the Court's discovery dispute resolution process provided in the Court's Scheduling Order at a later date seeking to impose such designation or challenging the propriety thereof.

If a Receiving Party learns of any unauthorized disclosure of Protected Material, the Party shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1    Timing of Challenges**.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Party's or Non-Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2    Meet and Confer**.  In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice (*e.g.*, letter or email) of each designation it is challenging, citing the specific applicable Bates number(s) or transcript page and line number(s), and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.

The Parties shall attempt to resolve each challenge in good faith and must meet and confer (in person or by telephone) within five (5) business days of receiving the written challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper.  If the Producing Party refuses to change its chosen designation or is unwilling to participate in the meet and confer process in a timely manner, then, and not earlier than three (3) business days after the meet and confer (or eight (8) business days after providing the written challenge if the Producing Party is unwilling to participate in the meet and confer process in a timely manner), the Challenging Party may seek a ruling from the Court pursuant to the discovery dispute resolution process provided in the Court's Scheduling Order.  If challenged, the burden of persuasion in any such challenge proceeding shall be on the Producing Party.

Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as originally designated by the Producing Party until either (a) the Producing Party withdraws or modifies the challenged designation, or (b) the Court rules that the Protected Material in question is not entitled to the challenged designation.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only for prosecuting, defending, or attempting to settle this Action, and for no other purpose, and subject to the provisions of this Order.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order or as otherwise agreed to by the Producing Party in writing.  Upon Final Disposition of the Action, a Receiving Party must comply with the provisions of Section 17 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    **Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

11

(a)     the Receiving Party's Outside Counsel of Record in the Action;

(b)     In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided a copy of such executed Exhibit A to the Producing Party, and for whom the notice requirements of Section 7.4(b) below have been fulfilled and any objections resolved;

(c)     Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided a copy of such executed Exhibit A to the Producing Party, and for whom the notice requirements of Section 7.4(a) below have been fulfilled and any objections resolved;

(d)     the Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this Action, including court reporters and their staff;

(e)     any mediators, settlement officers, or arbitrators mutually agreed upon by the Parties, or appointed special masters, and the respective personnel of the mediators, settlement officers, arbitrators, or appointed special masters, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     professional jury or trial consultants to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action;

12

(h)    any present director, officer, 30(b)(6) designee, or employee of the Producing Party of such "CONFIDENTIAL" information;

(i)    any person with the prior written consent of the Producing Party; and

(j)    any person who was an actual author of; actual recipient of; otherwise demonstrably possessed or knew (*e.g.*, where it is clear from the text of the document, from another document, or from testimony that such information was communicated to that person); or who the Producing Party asserts had access to such "CONFIDENTIAL" information.

With respect to the disclosure of information or items designated "CONFIDENTIAL" to persons who qualify only under Section 7.2(j), the Receiving Party shall bear the burden of demonstrating that such person was an actual author, actual recipient, or demonstrably possessed, knew, or was provided such information or items pursuant to Section 7.2(j) designated "CONFIDENTIAL." Persons who qualify only under Section 7.2(j) may only access, view and/or be disclosed such information or items designated "CONFIDENTIAL" at the offices of the Receiving Party's Outside Counsel of Record, at another location in the presence of the Receiving Party's Outside Counsel, or at their deposition or while testifying at trial or pretrial proceedings. Such persons who qualify only under Section 7.2(j) shall not be permitted to retain any copy of, or other notes, recordings, or other information that reflect, such information or items designated "CONFIDENTIAL." Neither Party, nor any Non-Party, shall argue in this or any other proceeding that the receipt of such CONFIDENTIAL documents or information by persons who qualify only under Section 7.2(j) destroys the confidentiality of the CONFIDENTIAL documents or information, or that such receipt indicates that such CONFIDENTIAL documents or information would be inevitably disclosed in the future.

13

Nothing herein precludes counsel for a Party from providing advice or opinions to his or her client regarding this litigation based on his or her evaluation of CONFIDENTIAL information, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement from the Producing Party or its counsel.

**7.3    Disclosure of "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" Information or Items**.  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose information or items designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" only to:

(a)    the Receiving Party's Outside Counsel of Record in the Action;

(b)    Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided a copy of such executed Exhibit A to the Producing Party, and for whom the notice requirements of Section 7.4(a) below have been fulfilled and any objections resolved;

(c)    the Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this Action, including court reporters and their staff;

(d)    any mediators, settlement officers, or arbitrators mutually agreed upon by the Parties, or appointed special masters, and the respective personnel of the mediators, settlement officers, arbitrators, or appointed special masters, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    professional jury or trial consultants to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14

(f)     Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action;

(g)     any present director, officer, 30(b)(6) designee, or employee of the Producing Party of such "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" information;

(h)     any person with the prior written consent of the Producing Party; and

(i)     any person who was an actual author of; actual recipient of; otherwise demonstrably possessed or knew (*e.g.*, where it is clear from the text of the document, from another document, or from testimony that such information was communicated to that person); or who the Producing Party asserts had access to such "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" information.

With respect to the disclosure of information or items designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" to persons who qualify only under Section 7.3(i), the Receiving Party shall bear the burden of demonstrating that such person was an actual author, actual recipient, or demonstrably possessed, knew, or was provided such information or items pursuant to Section 7.3(i) designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS." Persons who qualify only under Section 7.3(i) may only access, view and/or be disclosed such information or items designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" at the offices of the Receiving Party's Outside Counsel of Record, at another location in the presence of the Receiving Party's Outside Counsel, or at their deposition or while testifying at trial or pretrial proceedings. Such persons who qualify only under Section 7.3(i) shall not be permitted to retain any copy of, or other notes, recordings, or other information that reflect, such information or items designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS." Neither Party, nor any Non-Party, shall argue in this or any other proceeding that the receipt of such HIGHLY

CONFIDENTIAL – RESTRICTED ACCESS documents or information by persons who qualify only under Section 7.3(i) destroys the confidentiality of the HIGHLY CONFIDENTIAL – RESTRICTED ACCESS documents or information, or that such receipt indicates that such HIGHLY CONFIDENTIAL – RESTRICTED ACCESS documents or information would be inevitably disclosed in the future.

Nothing herein precludes counsel for a Party from providing advice or opinions to his or her client regarding this litigation based on his or her evaluation of HIGHLY CONFIDENTIAL – RESTRICTED ACCESS information, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement from the Producing Party or its counsel.

     **7.4**    **Procedures for Requesting Disclosure of Protected Material to Experts and In-House Counsel**.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, a Party may disclose information or items that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" by a Producing Party to an Expert (as defined in this Order) only if such Party makes a written request to the Producing Party that includes the following information:

    (1)    the full name of the Expert and the city and state of his or her primary residence;

    (2)    the Expert's present employer(s), business address(s), and title(s);

    (3)    the "Acknowledgment and Agreement to Be Bound" (Exhibit A) executed by the Expert;

    (4)    an up-to-date *curriculum vitae*;

    (5)    a list of all cases or proceedings in which the Expert has offered expert

16

testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years; and

(6)    an identification of each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five (5) years, and an identification of whether the Expert was employed by, or consulted on behalf of, any of the Parties or their affiliates at any time (not limited to the previous five (5) years).

If the Expert believes any of the information in (1) – (6) above is subject to a confidentiality obligation to a third party, then the Expert shall state that information is withheld on that basis and provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Producing Party regarding any such engagement or testimony.

(b)    Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, a Party may disclose information or items that have been designated "CONFIDENTIAL" by a Producing Party to the Receiving Party's In-House Counsel only if the Receiving Party first discloses such In-House Counsel to the Producing Party and provides to the Producing Party an executed "Acknowledgment and Agreement to Be Bound" (Exhibit A) by such In-House Counsel.

(c)    A Party that makes a disclosure request and provides the information specified in the preceding paragraphs 7.4(a) or 7.4(b) (a "Disclosure Request") may disclose the Protected Material to the identified Expert or In-House Counsel, as the case may be, on the calendar day following the fifth (5th) business day after making the Disclosure Request unless, within five (5)

17

business days of the Disclosure Request, the Party receives a written objection from the Producing Party. Any such objection must set forth the particular grounds on which the objection is based.

(d) A Party that receives a timely written objection must meet and confer with the Producing Party (either in person or by telephone) to try to resolve the matter by agreement within three (3) business days of the written objection. If no agreement is reached during the meet and confer, the Party seeking to make the disclosure may seek a ruling from the Court pursuant to the discovery dispute resolution process provided in the Court's Scheduling Order. In any such proceeding, the Party or Non-Party opposing disclosure to an Expert or In-House Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under any safeguards proposed by the Party seeking disclosure) outweighs the Receiving Party's need to disclose the Protected Material to its Expert or In-House Counsel.

No Protected Material may be disclosed to the Expert or In-House Counsel, as the case may be, until any such objection is resolved.

**7.5    Patent Prosecution Bar**. Absent the written consent of the Producing Party, any individual who obtains access to and receives one or more items of the Producing Party's technical information designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" shall not, during the pendency of this Action and for two (2) years after its Final Disposition (as defined above), be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patent applications relating to safety whip lights or any associated component thereof before any foreign or domestic agency, including the United States Patent and Trademark Office. Nothing in this paragraph shall operate to preclude

any such person from the fulfillment of any prior art disclosure obligations to any foreign or domestic agency, including the United States Patent and Trademark Office, that may arise as a consequence of knowledge obtained during the course of this litigation. To avoid any doubt, this Patent Prosecution Bar does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review and/or any other similar administrative proceeding pertaining to an issued patent). For the avoidance of doubt, "defending" a patent does not include involvement in drafting any new claims or claim amendments, which is not permitted under this Patent Prosecution Bar. Any Party may challenge the Producing Party's "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" designation in accordance with the procedures in Section 6.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order that compels disclosure of any information or items received from and/or designated by a Producing Party in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" that Party must:

(a)    promptly notify in writing the Producing Party and include in such notification a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification;

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected; and

19

(d)    not disclose such information until at least twenty-one (21) calendar days following such notification to the Producing Party, unless compelled to do so sooner by the order of a court or other competent authority.

If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" before a determination by an appropriate court, unless the Party has obtained the Producing Party's permission.  The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES**

**9.1     Order Applicable to Non-Parties**.  The terms of this Order are applicable to information produced by Non-Parties in the Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

**9.2     Service of Order with Non-Party Discovery Request**.  The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a copy of this Order.

**9.3     Request to a Party Seeking Non-Party Confidential Information**.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential

information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)　　promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)　　promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)　　make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) calendar days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information.  If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession, custody or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order or agreement to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.**　**USE OF PROTECTED MATERIAL AT HEARINGS AND FILING OF PROTECTED MATERIAL**

**10.1**　**Use of Protected Materials at a Hearing or Other Proceeding**.

The Parties may use or reference Protected Materials at a hearing or other proceeding, but shall work in good faith to (i) request that the Court instruct person(s) not subject to this Order leave the courtroom prior to the Protected Material being shown or discussed, (ii) request that the Court seal the portion(s) of the trial/hearing transcript where the Protected Materials were shown or discussed, and (iii) take any additional steps that are reasonable to protect the confidentiality of the Protected Materials.  The use of Protected Materials at a hearing or other proceeding in a

manner that complies with this Order, or with any other order of this Court or any other court, shall not in any way be deemed to be a failure of the Producing Party to take reasonable steps to protect the Protected Materials, or to subject any attendee at a hearing or other proceeding to an allegation of inevitable disclosure in any future action or dispute.

> **10.2    Filing of Protected Materials**.

In the event a Party wishes to use any Protected Material or any papers containing or making reference to the content of such material in any pleading or document filed with the Court in this Action, such pleading or document and any appended Protected Material shall be filed under seal pursuant to the Administrative Procedures Governing Filing and Service by Electronic Means of the United States District Court for the District of Colorado, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Colorado, and the Court's Scheduling Order.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:  (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use its best efforts to retrieve or destroy all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).  The Producing Party may seek any additional relief it deems necessary under the circumstances, as permitted by the governing law.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege, work product immunity, or otherwise protected or exempted from disclosure, shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the Party who made the inadvertent production or disclosure sends to any Receiving Party a written notice that certain inadvertently produced material is subject to a claim of privilege or other protection and a request for the return or destruction of such documents or things.  Upon receiving such a notice and request, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

If the Receiving Party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work product immunity, or otherwise protected or exempted from disclosure, the Receiving Party shall so notify the Producing Party in writing within three (3) business days of receiving the notice and request, and shall retain one (1) sequestered copy of the contested document or thing to be accessed only in connection with submitting the contested document or thing to the Court *in camera* accompanying a request seeking a ruling from the Court pursuant to the discovery dispute resolution process provided in the Court's Scheduling Order.  In any such dispute submitted to the Court regarding documents and things inadvertently produced, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege, work product immunity, or other applicable protection or immunity.  The Receiving Party may not assert as a ground for compelling production the fact or circumstance that the alleged privileged materials had already been produced, nor may it assert as a ground for production that (a) the disclosure was not inadvertent, (b) that the Producing Party failed to take reasonable steps to prevent the

disclosure, or (c) the Producing Party failed to promptly take reasonable steps to rectify the disclosure.  Nor shall the Producing Party be required to establish any of the foregoing.  Nothing in this provision is intended to restrict the scope or applicability of Federal Rule of Evidence 502(b).

With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of privilege or immunity, the Receiving Party shall immediately take all reasonable steps to destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.  If the Receiving Party does notify the Producing Party that the Receiving Party disputes the claims of privilege or immunity, the Receiving Party shall immediately sequester all copies of documents and things that contain or are derived from such inadvertently produced documents and things until resolution of the dispute by agreement or by the Court.

Except as set forth above, in no event shall the return or destruction of demanded documents be delayed or refused because of a Receiving Party's objection to the demand or by the request for Court resolution.  Until and unless the Court provides such resolution, the Receiving Party shall neither quote nor substantively reveal any privileged information contained within the documents or things at issue, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

If a Receiving Party learns that it has received from a Producing Party a document or thing that clearly appears on its face to contain privileged material that has been inadvertently disclosed,

the Receiving Party shall immediately notify the Producing Party and identify, if possible by Bates number, the document or thing that appears on its face to be privileged.

## 13.    MISCELLANEOUS

**13.1    Right to Further Relief and Modification by the Court**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  The Court may allow disclosure of any subject covered by this Order, or modify this Order at any time in the interest of justice.

**13.2    Right to Assert Other Objections**.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**13.3    Right of a Party to Use Its Own Documents**.  Nothing contained in this Order shall in any way affect or restrict the rights of any Party with respect to the use or disclosure of its own documents or information produced or disclosed in this Action.

**13.4    Right of a Party to Use Independently Obtained Documents**.  Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of formal discovery proceedings in this Action, provided that such documents, material or information were obtained legally.

## 14.    DISCOVERY FROM EXPERTS OR CONSULTANTS

The Parties will not seek drafts of expert reports, declarations, affidavits or notes taken by experts retained to testify in this Action, whether those reports, declarations, affidavits, or notes relate to this Action, or to any prior or current proceeding, arbitration or mediation between the Parties.  The Parties will not seek documents relating to communications between such experts

25

and Counsel, including email communications, whether generated in connection with this Action or with any prior or current proceeding, arbitration or mediation between the Parties, except for documents, information and things included in or attached to such communications that are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony in this Action.  Except where a draft was produced as the only available copy, the Parties will not inquire at deposition or trial as to the contents of drafts of expert reports, declarations or affidavits, nor notes pertaining thereto, whether drafted in connection with this Action or with any prior or current proceeding, arbitration or mediation between the Parties, and the Parties will not inquire at deposition or at trial as to the expert's communications, written or oral, with Counsel, whether generated in connection with this Action or with any prior or current proceeding, arbitration or mediation between the Parties, except to the extent that the expert explicitly references, relies on, or cites information from Counsel in his or her expert report, declaration, affidavit or testimony in this Action.

Nothing herein is intended to restrict the Parties' ability to inquire into the basis of any of the opinions expressed by any expert in his or her report, declaration, or affidavit, nor is anything herein intended to restrict the Parties' ability to inquire as to the expert's qualifications, publications or public statements.  Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for purposes of this Action and need not be identified on a privilege log.  Nothing in this provision is intended to restrict the scope or applicability of Federal Rule of Civil Procedure 26.

## 15.    ONGOING OBLIGATION

Insofar as the provisions of this Order, or any other protective orders entered in this Action, restrict the communication and use of the information protected by it, such provisions shall

26

continue to be binding after the conclusion of this Action, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a Party may seek the written permission of the Producing Party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

## 16.    MODIFICATION AND EXCEPTIONS

The Parties may, by written stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order.

## 17.    FINAL DISPOSITION

Within sixty (60) calendar days after the Final Disposition of this action, as defined in Section 1.6, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, consultant and Expert work product, work product of Professional Vendors, and work product of jury consultants, even if such materials contain Protected Material.  Any such archival copies that

contain or constitute Protected Material remain subject to this Order as set forth in Section 4

(DURATION).

28

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-371-DDD-KAS

CHECKERS INDUSTRIAL PRODUCTS LLC,                    **DEMAND FOR**
a Colorado limited liability company,                          **JURY TRIAL**

        Plaintiff,

    v.

DRIVER INDUSTRIAL OPCO LLC,
a Delaware limited liability company,

        Defendant.

---

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, the below signatory, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in **Case No. 1:25-cv-371-DDD-KAS**.  I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Except as provided for in Section 17 of the Stipulated Protective Order, I promise to return to Outside Counsel of Record for the party by whom I am employed or retained all Protected Material which comes into my possession, and documents or things which I have prepared relating thereto.  Alternatively, I will provide to Outside Counsel of Record for the party by whom I am

A-1

A-2

employed or retained a written certification that all such information and documents or things has been destroyed.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Date: _____

Place and State where sworn and signed: _____

Employer: _____

Title: _____


Signature: _____

A-2

Dated: October 8, 2025

Respectfully submitted,

/s/  Melanie J. Reichenberger
Melanie J. Reichenberger
MICHAEL BEST & FRIEDRICH LLP
790 N. Water Street, Suite 2500
Milwaukee, WI 53202
Tel: 414.271.6560
Fax: 414.277.0656
mjreichenberger@michaelbest.com

*Counsel for Plaintiff*
*Checkers Industrial Products LLC*

/s/  Kevin M. Bell
Kevin M. Bell
Kilpatrick Townsend & Stockton LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@ktslaw.com

*Counsel for Defendant Driver Industrial*
*OPCO LLC*

APPROVED AND SO ORDERED this ___ day of _____, 2025.

_____
Hon. Daniel D. Domenico
United States District Judge